Good morning, Your Honors. May it please the Court, my name is Marcus Jackson, the counsel for the four appellants. I'm going to start with what I favor in terms of the issues here, the easier one, I believe, for me, and do promise, of course, to address the issues that I'm sure are more concerning this panel, which will be the preemption issues. First and foremost, though, as to the MSJ ruling on the California Labor Code Section 203 claim for waiting time penalties, this one, there are tribal issues of fact that there was a willful failure to pay wages due with regard to reporting time pay, or what my clients and a number of the employees in this industry refer to as show-up pay. You show up to work, you're not put to work, you're paid a certain amount of money because you were there and you showed up. Because I didn't focus on this in the briefing, I will provide record citations because there's no way anyone would be able to find what I'm referring to without them. But each of the appellants... Why didn't you focus on the brief? I mean, we got a brief from you, that's what we start with, why are we hearing a new argument here? Well, it's not new with regard to pay, but that particular element of all pay. In other words, I focused on pay in general, but as to the particular issue of reporting time pay, I didn't include the specific record sites that I would like to offer your honors. Well, Kenneth, before you do that, it seemed like the district court thought that your section 201 claim was just about penalties and not about unpaid wages. This is 203, which is related to 201, it is. So in other words, let me clarify that your honor is correct. This labor code section 203 claim is just for penalties based on the fact that the wages weren't paid at the time of termination, not for the actual wages themselves. That would be a different section, a different issue. Okay. So because your complaint, it seemed like was seeking both unpaid wages due at termination and penalties for not having paid the unpaid wages at termination, both in that claim. But you're saying that that claim is really just about the penalties. No, no. I'm citing a particular labor code section that's just for the penalties because I think it's easiest for me and I want to start with it. The issue with regard to wages, I will address secondarily, and then I'm going to get to what I'm sure is what... Well, I'm trying to, before you do that, I'm trying to figure out which claim you're seeking the unpaid wages under. That would be unpaid wages under various labor code sections, citing particular 218.5, and there were others that were addressed. This is the separate claim for penalties under labor code 203 exclusively. Okay. Is this count three or count four in your complaint? Yeah. Okay. Let me pull it up. Count three is failure to pay wages. Count four is failure to pay final wages. That's count. Failure to pay final wages. Okay. So this is all about count four. What I'm going to say right now is yes. Okay. And then count three is just about the failure to pay wages, the wages that were owed at the end when they were terminated. So in terms of how the complaints laid out, because I drafted it, the earlier count is about the unpaid wages themselves. What I'm addressing now is penalties because those wages weren't paid when due at termination or within 30 days of termination. Okay. So count four, the failure to pay final wages, your claim is that this arises under sections 203 and 201. Yes. Okay. All right. Let me continue. So Mr. Anderson himself, that appellant, talks about having unpaid show-up pay and not being paid everything he's owned. That's in volume two of the excerpts of record, pages 39 to 40, 60, and then 70 to 71. Appellant Castillo's testimony about- I have to tell you, this is an incredibly inefficient use of the time. So I'm going to distract you from that and ask you if you need to submit a letter giving us references, but I'm making no sense out of what you're telling me now. But I'd like you to focus, and as I understood it, the reason the district court gave with regard to the penalty claim is that there's a defense if there's a good faith belief or uncertainty as to the amount. And I didn't see in what you've presented to us evidence that demonstrated that there was not a good faith uncertainty on the part of the employer as to what amount was ultimately what was owed and what I understand was ultimately paid for the most part. So that's the issue I think you might need to address with regard to the penalties. And it could be uncertainty as to amount or whether any wages are due at all. And I believe the appellee's position is that everything was paid. However- Well, paid eventually. Yes, eventually. I mean, I don't hear the employer saying, or I seem to recall acknowledgment that there was some subsequent payment once they got a better handle on it, but that seems to tie into the defense that there was a good faith uncertainty as to what was owed. As to hourly wages and expense reimbursements, that is true. The appellee's labor relations manager specifically states in his declaration, corrective payments fully compensated the plaintiffs for all recorded hours worked in January 2022 at the correct hourly rate, the 40.51, and also reimbursed plaintiffs for all reported expenses. But this says nothing about their being paid reporting time pay that was owed to them. Each of the plaintiffs talks about having complained about what they call show-up pay, the legal term reporting time pay, and the union steward, Mr. Roberson, confirming as well that they're entitled to 3.5 hours of pay if they report to work but aren't put to work. So to the extent that the evidence of payment is the declaration of the manager who talks about investigating this issue, determining these guys weren't paid right, men and women were not paid- Did you make this argument to the district court or did you make it to us in your opening brief? As to show-up pay specifically, no, just pay in general. Okay. Well, maybe you should move to something you have argued. I mean, why haven't you forfeited that issue? This isn't the time to bring up new arguments. Well, the argument as to pay in general has been addressed, but I do- Well, yeah, pay in general, but the universe is there. That doesn't include every single planet. To tell me that there's a dispute about pay doesn't tell me that this particular issue, which you're trying to, you've used up nearly half of your oral argument time you're trying to push onto the table. Is that, in your judgment, the best use of your time? Well, I'm just looking at tribal issues and evidence, but I understand, Your Honor, as to arguments not made. I understand. I think there's a tribal issue as to show-up pay not paid based on that statement from the manager. I'll move on next to the unpaid wages claim. This one does not require an extensive amount of discussion because I've already indicated in the briefing that, under California law, there is a private right of action for unpaid wages under Labor Code 218.5, which is cited in the complaint, and therefore, there is a statutory basis to recover the unpaid wages as well. That goes to the third cause of action Your Honors are asking about. I don't need to belabor that. I want to get into what I believe- Is there a reason you didn't cite Code 201 in support of that claim? I've argued that, District Court, below the District Court's finding was that it feels 201 does not support the recovery of wages. District Court determines it felt that 201 only supports the recovery of penalties. While disagreeing with it, my reply brief focuses on the California authorities citing- What the District Court said is that you tried to revive their failure to pay wages claim as one brought under 201, but the complaint didn't mention 201 for that, so it's forfeited. I didn't see the District Court rejecting on the merits of the claim. It seems to have concluded it was forfeited because the relevant count of the complaint, which is count three, lists a bunch of sections, but 201 is not among them. Now, 201 is cited in count four. Yes. That gets back to my question of, are you seeking unpaid wages under count four, where you reference 201? Under count four, only the penalties. The unpaid wages will only be under count three. And the District Court is correct. Count four is the only one that cites labor code section 201. It is not cited in the count three with regard to unpaid wages. So count three, you're going to rely on 218. You cited a whole bunch of other provisions, 204, 210, 216, 221, 2802, but I didn't read those as providing you with the cause of action. I understand. The District Court agrees with Your Honor's conclusion. That's why I'm focusing on 218.5 that's also cited in that cause of action. But 218 doesn't... .5. Okay. All right. 218 has been addressed by the District Court. May not agree with it, but it's not a section that has a clear right of action. Did you cite 218 in your complaint? 218.5? 218.5 is cited as a basis for recovering attorney's fees and costs for unpaid wages. But not in... But it's not cited in... Oh, it is cited in count three. You did cite 218.5. Lower down in the section regarding attorney's fees and costs. That's where it's cited. So don't... I mean, do you disagree that 218 needs a partner to give recovery? Because it doesn't itself provide a cause of action. 218.5 does. I don't have 218 by itself cited in that count at all. The District Court's right about that. 218 is not cited in that count. 218.5 does, as a recent California authority. Not just for the fees and costs, but the actual unpaid wages, too. Until I hear the question, I'll move on to, I think, what the bigger issues are with regard to preemption. I guess I'll simply ask for about two minutes for rebuttal, because I need to address these points. So as to the breach of contract claim, with regard to the... That one was with regard to Labor Management Relations Act preemption. Having drafted the complaint and spoken to my client as I put my declaration at the District Court level, my claim is based on wage theft prevention notices. It is not based upon provisions of any collective bargaining agreement that my client at the time did not have. Section 301 governs claims founded directly on rights created by the CBA and claims substantially dependent on analysis of the CBA. This right that we're citing is from notices under California law that exist independent of a collective bargaining agreement, and therefore... I think you're going to need to address the federal preemption statute, because I don't see the limitation. It doesn't say preemption except when there's a separate state cause of action. We don't preempt. Correct, Your Honor. I'm citing U.S. Supreme Court Caterpillar, Inc. v. Williams, that Section 301 governs claims founded directly on rights created by collective bargaining agreements and claims substantially dependent on analysis of a collective bargaining agreement, and I'm submitting tribal issues exist... Your client submitted their request to UPS on grievance forms, which were prepared, at least assisted in preparation, by the union representative. They were. And he based the claims, the calculation of how much was owed, what the right rate was, the number of hours, and so forth, on his understanding of the agreement. He testified, as you cited, that they were not, because of the lack of duration, they were not full members of the union, but they protected by the union contract governed by its terms. So how is that carved out of the National Labor Relations Act? Because the lawyer who drafted the complaint, who's standing here, did not base that complaint in drafting it on anything about a collective bargaining agreement, but on... It doesn't matter how you drafted it. If their claim is based on the wage rate set by the collective bargaining agreement, how can that not be preempted? Because the wage rates are also stated in the wage theft notices, which were the basis for the allegation of the complaint. Yes, those wage rates may appear in the collective bargaining agreement, but they are... The claim is based on wage rates stated in California wage theft prevention notices that each plaintiff had at the time the case got started. That's what the case is based on. And even if... And do you have any authority that supports your alleged carve out from the federal statute? Well, I'm going to rely again on Caterpillar. The fact is, it's not founded on rights created by the collective bargaining agreement. It's founded on rights under California law. Where did the wage rates come from? California wage statement. Where did they have the authority to say, that's what I need to be paid? Those came from the collective bargaining agreement. The collective bargaining agreement might be referred to to confirm rates and promotion and increase in rates. But the mere fact of having to refer to a collective bargaining agreement without interpreting any disputed terms does not result in Section 301 preemption, running out of time, and it's fine. Do you want to reserve your time for rebuttal? Sure. Good morning, your honors, and may it please the court. My name is Eric Tung, representing UPS, the defendant appellee in this case. The district court's judgment here should be affirmed. Plaintiffs bring two sets of claims under California law. The first set of claims are based on alleged wrongful termination, and the second set of claims are based on alleged unpaid wages. As to the first set of claims, plaintiff's wrongful termination claims are preempted by the National Labor Relations Act. The Act provides employees with the right to form or join unions, to bargain collectively, or to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. The Act also prohibits an employer from interfering with the employee's exercise of their federally protected rights. When a plaintiff's alleged activities are arguably protected by the Act, state law claims based on interference with those activities are preempted. As the Supreme Court held in Garmin, such claims are to be channeled to the National Labor Relations Board to avoid conflicting adjudications over the scope of the Act. Here, plaintiff's claims are preempted for two independent reasons. First, plaintiffs have asserted a right under the collective bargaining agreement, under payment of agreed-upon wages. That constitutes concerted protected activity, and any state law claim of wrongful termination based on such activity is preempted. Second, plaintiffs join together to file their grievances through a union representative. That too constitutes concerted activity for mutual aid or protection, which results in the preemption of plaintiff's wrongful termination claims. As to plaintiff's second set of claims, the alleged unpaid wages, plaintiffs cannot prevail under the statutes they invoke. None of those statutes provides a private right of action or penalties, as the District Court correctly held. Plaintiffs also bring a breach of contract claim for alleged unpaid wages. Can I go back to the last point that you just made? On my read of Section 201, it seems like there could be a private right of action for unpaid wages due at termination. Why do you think that that's not true? Well, Your Honor, we believe, Your Honor, that the argument here has been forfeited by the plaintiffs. That may be, that may be, but I would like you to answer the merits question. Your Honor, the 201 says wages earned and unpaid at the time of discharge are due and payable immediately, and plaintiffs can only recover penalties under 201 and 203. Why couldn't they bring a claim for you didn't pay me the wages I was due under that provision that provides that that's required? Your Honor, again, we believe that argument has been forfeited, but our argument also is that only penalties can be recovered through 203. On that point, in the brief, in your brief, I think it's the, yeah, in the answering brief, you only had one. You cite Bernstein for the proposition that Section 201 only allows for waiting time penalties. I see no support for that in Bernstein. So can you point me to the language in Bernstein that supports that proposition? Your Honor, that's a fair point. Bernstein does say that 203 sets forth the penalties for a violation of Section 201. Now, we reread it as an exclusive remedial provision. We think that 201 potentially could be coupled with 218, but again, we think the 218 provision was never raised by plaintiffs. But you agree with me that Bernstein actually does not say that Section 201 does not allow for an actual unpaid wages claim? Bernstein does not say that the, that 201 cannot be, that 203 does not preclude, it's an exclusive remedial provision. Bernstein does not say that, Your Honor. But we read the statutory provisions together as 201 and 203 to reach that result. And again, Your Honor, we think that argument about unpaid wages, just unpaid wages and not penalties under Section 201 has been forfeited by plaintiffs here. I understand the forfeiture argument. I raise the question because, frankly, I thought after looking at Bernstein that there was to be careful about that in terms of what you represent to the court. Fair point, Your Honor. We understand and we respectfully disagree, but we take the point, Your Honor. I'm also curious about 201, though. What is it that you think prevents a claim, and I understand the forfeiture argument, that's something separate, but I don't understand why 201 wouldn't cover the direct pay claim, not simply the penalties, which 203 incorporates, but the direct pay claim seems to fall under 201. Why doesn't it? Well, Your Honor, this issue, as I said, we're making an inferential argument based on the text of 203 and 201. And 203 provides, it's labeled as penalties, Your Honor, but it includes the wages, the amount of the wages. So it substitutes the recovery of the wages. So how does that strip the ability to recover under 201? Well, Your Honor, one can recover under 201 through 203, and that's our argument. And possibly under 218, which, again, plaintiffs do not raise. And so, again, this argument was not discussed by the district court below. Your theory is they can recover the penalties for unpaid wages, but they can't recover the wages themselves. Well, the penalties would be the wages themselves, because the penalties are calculated by the amount of the wages that are still remaining and outstanding. But they exceed the amount of wages, right? That's why it's penalty? They could per day, yes. So if you have subsequent days of lack of payment as the plaintiff's employees are waiting, the penalties accrue over time in the amount of the wages that are not. So I want to make sure I sort of understand the big picture. So with respect to the wages themselves, you think that 201, that that has not been adequately alleged, and therefore the argument as to wages has been forfeited. With respect to penalties, your argument is what? Good faith? Argument is good faith. And that finding by the district court was not challenged by the plaintiffs on appeal. And so the plaintiffs focus on willfulness, but they don't focus on the good faith element of 203. And as Judge Clifton pointed out, UPS did make an effort to issue remedial corrective payments upon receiving notice of the underpayments. And the district court found that that action constituted good faith on the part of UPS. I guess I don't quite understand what you mean by they didn't challenge the good faith finding below. Because in the brief, they specifically argue that there are questions of fact as to good faith that need to go to a jury or whoever's going to try this case. Your Honor, we disagree with that. The plaintiffs challenged the point about willfulness and the point about whether 203 willfulness standard or the willfulness standard was satisfied. But there's another component to Section 203, which is good faith. And that, Your Honor, plaintiffs never challenged. And in fact, there would not be a credible challenge to that because the UPS did issue remedial corrective payments. They did not intentionally withhold wages. I want to explore that just a little bit. So I'll go back and look at the record to make sure I'm clear about whether that actually was challenged or not. But let's assume for a minute that they did do enough to challenge the good faith finding by the district court. I mean, the standard is that you have a basis in law or fact that could be successful. That's a good faith argument for not having done this at the moment that it needed to be done. Reading the record, we have the labor manager's declaration saying that he found out that there was a discrepancy, he investigated it, and ultimately he issued corrective payments. What I'm trying to figure out is why isn't there a question of fact in terms of timing? So maybe you had a discrepancy that needed to be investigated right at the beginning when these people were terminated. Of course, they weren't all terminated on the same day. But some of those corrective payments aren't getting paid until mid-February, so several weeks later. Why isn't there a question of fact in terms of like, was that good faith to take so long to figure this out? Like, how hard is this to figure out what you actually owe these people? Your Honor, that might well be a valid argument, but that was not raised by the plaintiffs below at the district court level. Again, the district court did not pass on that. And as to the delays in the timing, the alleged delays in the timing, again, UPS has to assess whether there was an underpayment made and do a calculation as to how much in the amounts that needs to be remedied for the plaintiffs. Right. I mean, I think you would agree with me if UPS took a year to figure it out from the time of termination, that wouldn't be in good faith. So that's why I'm asking, like, why isn't there a question of fact? Your point is it wasn't ever raised, so maybe it's a forfeited argument. That is our point, Your Honor. Is there doubt about what the good faith uncertainty covered? Your colleague has argued that there may have been bases for some, but not for everything. He pointed in particular to the days when employees showed up and there wasn't work for them, so were sent away, and argues that they made a claim for that, and the declaration filed by your client's HR manager didn't give a basis for good faith disagreement or uncertainty as to that element of their claim. Again, Your Honor, the specifics as to the arguments, we're hearing it for the first time on appeal here by plaintiffs' counsel. I'm sure it was news to me, too, so I get that. Yes, so that would be the first argument I would make, argument, Your Honor, the forfeiture point. And, again, the district court found, given the actions that UPS took in expeditiously remediating the underpayments, that that amounted to good faith. And again, that good faith challenge, in the briefs I have to go back, Your Honor, but I don't believe that plaintiffs even mentioned the words good faith in the appellate briefing before this court. So I don't see that as a challenge to the good faith finding of the district court here on appeal. If there are no further questions, Your Honor, we ask that the district court's judgment be affirmed. Thank you. Thank you, counsel. You have a little over a minute for rebuttal. Okay, one minute, 17 seconds, two points only. With regard to the tort claims, the retaliation and wrongful termination, those are based on California law, and if the right to receive unpaid wages under California law is not precluded by the NLRA, preemption similarly should not be applied to retaliation claims and wrongful termination claims based on requesting those wages. To the extent these claims arise under the labor code rather than the CBA, preemption should not apply. Lastly, as to the tool-free waiting time penalties claim, this has been addressed in depth. But I will remind, this is a motion for summary judgment. The legal standard is triable, issue of fact. And looking at the declaration itself that UPS relies on, there's clearly a triable issue that post-investigation, paying a bunch of wages but never paying reporting time pay that was complained about raises a triable issue, and therefore, I plan to request that the district court ruling as to the claims, four claims we've talked about today, be reversed and amended or reminded. Thank you very much. Good job. All right, we thank counsel for their helpful arguments. The matter of Anderson v. United Parcel Service is submitted.
judges: CLIFTON, BYBEE, FORREST